PHILLIP A. TALBERT
United States Attorney
KIRK E. SHERRIFF
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>FRANCISCO JAVIER OCHOA-ANAYA,<br><br>              Defendant. | Case No. 1:19-cr-0211 JLT SKO<br><br>**GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES; [PROPOSED] ORDER** |

The United States of America moves for an Order finding a partial waiver of the attorney-client and work product privileges and permitting discovery as to defendant Francisco Javier Ochoa-Anaya's communications with his former counsel, Preciliano Martinez, and relevant work product, in connection with Mr. Martinez's representation of Ochoa-Anaya in this case.  Ochoa-Anaya has waived such privileges based on his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed Sept. 15, 2022 ("§ 2255 motion"), which asserts claims of ineffective assistance by his prior counsel.  (Doc. 101.)

Motion re Privilege Waiver; Order         1

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).  The waiver applies equally to the work product privilege.  *Id.* at 722 n.6.

There is good cause for discovery of attorney-client communications and work product concerning the matters raised in Ochoa-Anaya's § 2255 motion.  Ochoa-Anaya's § 2255 motion alleges that his prior counsel provided ineffective assistance by (i) not moving to dismiss count one of the indictment, (ii) purportedly failing to raise certain arguments at sentencing, and (iii) purportedly failing to discuss with defendant the evidence and essential elements to which the defendant was pleading guilty and to explain the disparity between pleading guilty and going to trial. (Doc. 101.)  On November 16, 2022, the Court ordered the United States to file any opposition by January 31, 2023.  (Doc. 103.)

Government counsel has conferred with defendant's former counsel, Preciliano Martinez, concerning Ochoa-Anaya's § 2255 motion. Mr. Martinez has indicated he is prepared to provide a declaration to the government addressing the allegations raised in Ochoa-Anaya's § 2255 motion, but he has asked that the government obtain an order finding a privilege waiver.  The government is accordingly seeking a court order finding a partial waiver of Ochoa-Anaya's attorney-client and work product privileges, to permit Mr. Martinez to provide a declaration responding to Ochoa-Anaya's allegations and to discuss with the government his attorney-client communications and work product relevant to Ochoa-Anaya's allegations.

By his allegations in his § 2255 motion, Ochoa-Anaya has waived any privilege as to attorney-client communications and work product for purposes of the § 2255 motion. "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker*, 331 F.3d at 716, 719 & 722 n.6 (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel). Ochoa-Anaya can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition. *Bittaker*, 331 F.3d at 721. "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Id.* 722.

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating Ochoa-Anaya's § 2255 motion, but not in a retrial or in an unrelated case. *Id.* at 720-25; *Lambright*, 698 F.3d at 818. Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Ochoa-Anaya's § 2255 motion.

The United States respectfully requests that the Court find that, if Ochoa-Anaya does not timely withdraw his allegations concerning ineffective assistance of counsel, has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product with respect to the allegations in his § 2255 motion. The government further requests that the Court order that defendant's former counsel

Motion re Privilege Waiver; Order          3

may provide the government with a declaration responding to Ochoa-Anaya's § 2255 motion and with records relevant to the response to Ochoa-Anaya's § 2255 motion.

Dated:   January 4, 2023

                                          Respectfully submitted,

                                          PHILLIP A. TALBERT
                                          United States Attorney

                                          /s/ Kirk E. Sherriff
                                          KIRK E. SHERRIFF
                                          Assistant U.S. Attorney

**ORDER**

Good cause appearing, the United States' motion for partial waiver of petitioner Ochoa-Anaya's attorney-client privilege and the work product privilege, and for the discovery of responsive attorney-client communications and work product, is GRANTED with modifications as follows:

(1) The attorney-client privilege of defendant Francisco Javier Ochoa-Anaya is waived with respect to all communications between Ochoa-Anaya and his former attorney Preciliano Martinez concerning events and facts related to the ineffective assistance of counsel claims that movant Ochoa-Anaya raises in his § 2255 motion [Doc. 101].

(2) The work product privilege is waived with respect to the work product of attorney Preciliano Martinez concerning events and facts related to Ochoa-Anaya's ineffective assistance of counsel claims in his § 2255 motion.

(3) Attorney Preciliano Martinez, and his staff and agents if relevant, may disclose to the government communications with Ochoa-Anaya and work product concerning matters related to the ineffective assistance of counsel claims Ochoa-Anaya raises in his § 2255 motion.

(4) Mr. Martinez may provide the government with a declaration addressing attorney-client communications and work product concerning matters related to the ineffective assistance of counsel claims raised in Ochoa-Anaya's § 2255 motion. Mr. Martinez may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether to proceed with his amended 2255 motion, he must notify this Court **within 14 days of the date of this Order** by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

Considering the timeline necessitated by the above, the deadline for the United States to file its opposition is continued to **February 28, 2023.** Defendant may file a response on or before **April 14, 2023.**

IT IS SO ORDERED.

Dated: **January 13, 2023**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE