# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER OCHOA-ANAYA,<br><br>Movant. | Case No.: 1:19-cr-00211 – JLT - SKO<br><br>ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. 101, 116, 117) |

Francisco Javier Ochoa-Anaya is a federal prisoner seeking to vacate, set aside, or correct his sentence under 28 U.S.C § 2255. (*See* Docs. 101, 116, 117.) In November 2020, Ochoa-Anaya appealed the district court's judgment (Doc. 78) and challenged "the 312-month sentence imposed following [Ochoa-Anaya's] guilty-plea conviction." (Doc. 95 at 1.) On appeal, Ochoa-Anaya argued "that his counsel rendered ineffective assistance by failing to challenge adequately his two-level Guideline enhancements . . . pursuant to U.S.S.G. § 2D1.1(b)(16)(A)." (*Id.* at 2) The Ninth Circuit affirmed the district court's judgment (*id.*), and Ochoa-Anaya filed a § 2255 motion alleging actual innocence and ineffective assistance of counsel. (Doc. 101.) For reasons set forth below, Ochoa-Anaya's motion is **DENIED WITH PREJUDICE**, and the Court **DECLINES** to issue a certificate of appealability.

///

///

1

# BACKGROUND

A. <u>Conviction & Sentence</u>

On June 12, 2020, Ochoa-Anaya "pled guilty to two counts of a three-count Indictment:" Count One charged Conspiracy to Distribute Controlled Substance (Methamphetamine), violation of 21 U.S.C. § 846, 841(a)(1), and Count Three charged Possession of Firearms in Furtherance of a Drug Trafficking Crime, violation of 18 U.S.C. § 924(c)(1).[1] (Doc. 79 at 5.) Ochoa-Anaya was sentenced according to the 2018 Guidelines Manual.[2] (*Id.* 8-9; 24-26.)

B. <u>Procedural Posture</u>

On September 15, 2022, Movant filed his § 2255 motion alleging actual innocence and ineffective assistance of counsel. (Doc. 101.) In response, the Government moved for an Order Finding Partial Waiver of Movant's Attorney-Client and Work Product Privileges (Doc. 104.) Finding good cause, the Court granted the Government's modifications. (*See* Doc. 105 at 5-6.) On February 27, 2023, the Government moved the Court for extension of time to file its Opposition to Movant's § 2255 motion, and the Court granted the Government's one-week extension request. (Docs. 106, 107.) The Government timely filed its Opposition (Doc. 110), and Movant filed his Reply Brief (Doc. 116) on December 20, 2023.

The Court later received two documents from Movant, (1) a request to terminate counsel of record due to abandonment, and (2) a proposed reply brief regarding Movant's pending motion. (*See* Doc. 112.) The Court withheld docketing the documents but issued a minute order requiring the counsel of record to take appropriate action by "filing a request to withdraw as counsel of record and notice indicating that the [C]ourt should accept for filing [Movant's] pro se reply brief." (*Id.*) Counsel of record filed a motion to withdraw on January 22, 2024, and the Court granted counsel's request. (Docs. 113, 115.) On February 26, 2024, Movant, proceeding pro se, filed an Amended Reply Brief and requested an evidentiary hearing "to resolve the merits of" Movant's "colorable

---

[1] "Count 2, Possession of a Controlled Substance with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §841(a)(1), 841(b)(1)(A)," was "dismissed pursuant to the parties' plea agreement." (Doc. 79 at 21.)

[2] "[T]he base offense level is predicated on the amount of drugs involved in the offense as specified in the Drug Quantity Table set forth under USSG §2D1.1(c). Evidence reveals the defendant is responsible for a total quantity of 1,072,322.68 kg of total Converted Drug Weight, which produces a base level of 38, pursuant to USSG §2D1.1(c)(1)." (Doc. 79 at 8.)

2

Grounds One, Two, Three, and Four in the case herein." (Doc. 117 at 2.). Movant's Amended Reply Brief reemphasized the allegations raised in his § 2255 motion (Doc. 101), further contending "the lack of factual basis to convict him as to Count Three, Possession of a Firearm in Furtherance of Drug Trafficking Crime requires a NEXUS THAT THE UNDERLYING OFFENSE TO BE A 'DRUG TRAFFICKING CRIME,'" (emphasis in original) and "[b]ecause Count Three, Section 924(c), lists the underlying predicate offense in which the Grand Jury found probable cause to hand down Indictment against him was Count One, Conspiracy in violation of 21 U.S.C. 846" is not a "drug trafficking crime" defined by 18 U.S.C. 924(c)(2), Movant "stands 'actually innocent' of his Count Three, Section 924(c) conviction and sentence." (Doc. 117 at 2-3.) Movant also clarified the basis of the ineffective assistance of counsel claim (Doc. 101 at 5-21), arguing (1) the legal sufficiency of the indictment as it relates to Count One Conspiracy, (2) ex-counsel's failure to object to § 2D1.1(b)(16) enhancements and request a downward variance in light of Movant's "harsh pre-trial detention" (Doc. 117 at 7-8), and (3) ex-counsel's failure to "discuss the evidence and essential elements of the offenses . . ." or "explain the disparity between pleading guilty and going to trial," thus rendering Movant's guilty plea invalid. (Doc. 117 at 8.)

## STANDARD OF DECISION

A. <u>28 U.S.C. § 2255 Motion</u>

"A federal prisoner challenging the legality of . . . detention generally must do so" by way of a motion pursuant to 28 U.S.C. § 2255. *Scaggs v. Ciolli*, No. 20-16139, 2023 WL 1879461, at *1 (9th Cir. 2023) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). Under section 2255, a prisoner in federal custody under sentence imposed by federal court, may collaterally attack the validity of his conviction or sentence by filing a motion "to vacate, set aside or correct the sentence" in the court that imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 also enumerates the grounds upon which a sentencing court may grant the federal prisoner's relief: "[U]pon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] . . . the court was without jurisdiction to impose such sentence, or [3] . . . the sentence was in excess of the maximum authorized by law, or [4] [the sentence] . . . is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Roper*, 72 F.4th

1097, 1102 (9th Cir. 2023) (quoting *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) ("Section 2255 grants a prisoner in custody the right 'at any time' to bring a motion 'to vacate, set aside or correct the sentence' upon the ground that the 'sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . .'"))).

A successful § 2255 motion requires the federal prisoner, movant, to demonstrate the existence of an error of constitutional magnitude that "had a substantial and injurious effect or influence on the guilty plea or [] jury's verdict" and show the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). Section 2255 relief is only warranted where a movant shows the asserted "fundamental defect . . . inherently result[ed] in a complete miscarriage of justice." *See United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") "If the court finds . . . there has been . . . a denial or infringement of the constitutional rights of the prisoner . . ." (§ 2255(b)), the court must vacate and set the judgment aside, and then (1) discharge or resentence the prisoner, or (2) grant a new trial, or (3) correct the sentence. *Barron*, 172 F.3d at 1157 (quoting 28 U.S.C. § 2255) (internal quotations omitted))).

1. Evidentiary Hearing

Section 2255 also bestows a right to an evidentiary hearing "to determine the validity of a [motion] brought under [the section]." However, the right to an evidentiary hearing is not automatic. *See* 28 U.S.C. § 2255; *Caputo*, 2023 WL 5207318, at *3 (quoting *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). A federal criminal defendant filing a motion to vacate is entitled to an evidentiary hearing "**unless** the motion and the files and records of the case conclusively show that the defendant is entitled to no relief." *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (emphasis added). A district court exercises its discretion in determining whether a hearing is necessary. 28 U.S.C. § 2255; *see also United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). Denial is appropriate if the movant's allegations, "viewed against the record, fail to state a claim for relief." *McMullen*, 98 F.3d at 1159. For example, where the movant's "allegations are palpably

incredible or patently frivolous, or if the issues can be conclusively decided on the basis of the evidence in the [motion record] . . ." an evidentiary hearing is unwarranted. *Blackledge v. Allison,* 431 U.S. 63, 76, 80-82 (1977); *see also United States v. Mejia-Mesa,* 153 F.3d 925, 929 (9th Cir. 1998). Thus, to earn the right to an evidentiary hearing, the movant must allege specific facts that, if true, would entitle relief. *Id.* Mere conclusory statements do not justify an evidentiary hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Albeit the rule, a pro se litigant's "pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys." *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). A "liberal construction" does not permit the Court to ignore "an obvious failure to allege facts that set forth a cognizable claim." *Caputo*, 2023 WL 5207318, at *3 (*citing James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Id*.

Movant asserts an evidentiary hearing is required "to resolve the merits of "Movant's "colorable [claims]" but fails to allege specific facts that would entitle him to relief. (Doc. 117 at 2.) Movant is a pro se litigant and the Court applies a liberal construction to his pleadings. After reviewing the motion record and evidence and applying a liberal construction to the pleadings, the Court finds an evidentiary hearing is unwarranted for the following: (1) the issues can be conclusively decided on the basis of the evidence in the motion, files, and records; (2) some arguments are merely conclusory statements and allegations; and (3) the undisputed facts and evidence conclusively show Movant is not entitled to relief and Movant's motion may be denied as a matter of law. *See United States v. Rodriguez-Vega*, 797 F.3d 781, 791 (9th Cir. 2015) (finding an evidentiary hearing is not necessary in all cases); *cf. United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (finding an evidentiary hearing necessary to determine factual questions underlying *Strickland's* prejudice prong).

In determining whether a hearing is warranted, the Court evaluated the motions (Docs. 101, 110, 116, 117) and court records including the Indictment (Doc. 9), the plea agreement (Doc. 53), the presentence report (PSR) (Doc. 79) and the transcripts of the change of plea and sentencing hearings (Docs. 87, 101-1) and concluded Movant's claims were "bereft of merit" and the motion records "render[ed] a full testimonial hearing unnecessary." *See Caputo*, WL 5207318 at *4. Regarding the

determination of an ineffective assistance of counsel claim "in the context of a guilty plea," the Court "may rely on the court record, including transcripts of the plea and sentencing hearings, in lieu of holding a live hearing on the claim." *Id.* (citing *United States v. Shah*, 878 F.2d 1156, 1160 (9th Cir. 1989). Accordingly, Movant's request for an evidentiary hearing is **DENIED**.

## DISCUSSION

Movant brings two claims under § 2255 (1) a claim of actual innocence and (2) a claim of ineffective assistance of counsel. (Doc. 101.) Government contends Movant "waived and procedurally defaulted" his actual innocence claim. (Doc. 110 at 14.) Thus, before turning to the underlying substantive merits, the Court addresses the procedural arguments surrounding Movant's first claim alleging actual innocence of the Count Three conviction, violation of 18 U.S.C. § 924(c)(1) Possession of Firearms in Furtherance of a Drug Trafficking Crime. (Doc. 101 at 4.)

**I. Movant's Actual Innocence Claim**

Movant briefly challenges the validity of his conviction on a premise of actual innocence. Movant contends there is "a lack of factual basis to convict him as to Count Three, Possession of a Firearm in Furtherance of Drug Trafficking Crime" and Movant "stands 'actually innocent' of his Count Three, Section 924(c) conviction and sentence." (Doc. 117 at 2-3.)

Government asserts Movant procedurally defaulted his claim of actual innocence "by failing to bring it on direct appeal" and "expressly waived the right to bring a collateral attack on his plea, conviction, and sentence" by way of Movant's collateral attack waiver. (Doc. 110 at 14.) Government directs the Court to Movant's Plea Agreement (Doc. 53) in which he "expressly waived the right to bring a collateral attack on his plea, conviction, and sentence" (Doc. 110 at 14) "'including a motion under 28 U.S.C. § 2255 . . . challenging any aspect of [his] guilty plea, conviction, or sentence, except for non-waivable claims'" (*Id.* (quoting Doc. 53 at 4).) Thus, according to the Plea Agreement's express waiver-language, Movant's actual innocence claim is "barred by" the "collateral-attack waiver [rule]." (Doc. 110 at 15.)

Movant does not dispute failing to raise actual innocence on direct appeal[3] but contends his

---

[3] On appeal, Movant only raised an ineffective assistance of counsel claim. (*See generally* Doc. 95.)

actual innocence claim is excused from procedural default under the "actual-innocence exception." (Doc. 117 at 4.)

A. Collateral-Attack Waiver

Movant does not address Government's collateral-attack waiver contention in the context of procedural default (*see generally* Doc. 117), but Movant does address an aspect of collateral-attack waiver in alleging ineffective assistance of counsel (*see generally* Docs. 101 at 19-21, 117 at 8-10.) Accordingly, the Court postpones addressing the issues of collateral-attack waiver and retains its analysis for discussion of Movant's ineffective assistance of counsel claim.

B. Procedural Default

Movant argues "actual innocence" of the Count Three, Possession of a Firearm in Furtherance of Drug Trafficking Crime, conviction and sentence, violation of 18 U.S.C § 924(c)(1), asserting the sentence is "illegal and must be vacated or guilty plea withdrawn" because it requires "the underlying offense to be a[] 'drug trafficking crime.'" (*Id.* at 4-5.)  Movant contends the Count One, Conspiracy to Distribute Controlled Substance (Methamphetamine), violation of 21 U.S.C. § 846, "does not qualify as a generic 'drug trafficking crime [;]'" therefore, Movant stands innocent of the conviction and sentence.  (*Id.*)

A convicted federal criminal defendant may raise an ineffective assistance of counsel claim for the first time on collateral review under § 2255. *Massaro v. United States*, 583 U.S. 500, 504 (2003). A movant does not procedurally default a claim alleging ineffective assistance counsel by failing to raise it on direct appeal. *Id.*  However, this rule is limited to ineffective assistance of counsel claims and does not extend to other issue claims the criminal defendant failed to raise on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).  The defendant procedurally defaults the other claims not raised on direct appeal and may not raise those claims on collateral review.  *Id.*; *see also United States v. Taylor*, No. 16-17202, 2023 WL 3336651 (9th Cir. 2023) (quoting *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley*, 523 U.S. at 622)).  "Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." *United States v. Caputo*,

1  No. 1:14-CR-00041-JLT-SKO-1, 2023 WL 5207318, at *7 (E.D. Cal. 2023) (quoting *United States v.*
2  *Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985)).

3  However, there are two circumstances in which a criminal defendant may excuse procedural
4  default and have an otherwise defaulted claim reviewed in a § 2255 collateral proceeding: the movant
5  must show either: (1) cause and prejudice or (2) actual innocence in response to default. *Bousley*, 523
6  U.S. at 622; *see also Ratigan*, 351 F.3d at 962 ("[A] § 2255 movant procedurally defaults on claims he
7  failed to raise on direct appeal unless he can show cause and prejudice or actual innocence."); *see also*
8  *United Staes v. Shults*, No. 1:17-CR-00136-JLT-SKO, 2024 WL 35977, at *8 (E.D. Cal. 2024).
9  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim
10 may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual
11 'prejudice,' or that he is 'actually innocent.'" *Ratigan*, 351 F.3d at 964 (internal citations omitted).

12      1. <u>Actual Innocence</u>

13 Movant argues actual innocence to excuse his procedural default and relies on *Mathis v. United*
14 *States*, 579 U.S. 500 (2016) and two opinions from the Fourth and Tenth Circuits. (Doc. 117 at 4.) If
15 proved, actual innocence "serves as a gateway through which a [movant] may pass [despite] the
16 impediment . . . of a procedural bar…" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

17 The Ninth Circuit emphasizes that "actual innocence" means "factual innocence, not mere
18 legal insufficiency." *United States v. Benboe*, 157 F.3d 1181, 1184 (9th Cir. 1998). Therefore, "[a]
19 claim for actual innocence requires a showing of [credible] evidence sufficient to undermine that
20 which was shown at trial." *Bolanos v. United States*, No. 1:13-CR-362-AWI-BAM, 2019 WL
21 1405550, at *3 (E.D. Cal. 2019) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Credible
22 evidence is "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy
23 eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513
24 U.S. 298, 324 (1995). Therefore, in the context of overcoming procedural default, the government "is
25 not limited to the existing record to rebut any showing [the movant] might make." *Benboe*, 157 F.3d
26 at 1184.

27 To establish "actual innocence," a movant must show that "in light of all the evidence, it is
28 more likely than not that no reasonable juror would have convicted him." *Id.* In *McQuiggin*, the

1  Supreme Court cautions district courts of the actual-innocence gateway exception rarity.  569 U.S. at

2  386 (emphasizing "that tenable actual-innocence gateway pleas are rare" and the standard is

3  demanding and seldomly met) (internal citation omitted).  The Supreme Court explains, the movant

4  "does not meet the threshold requirement unless [the movant] persuades the district court that, in light

5  of the new evidence, no juror, acting reasonably, would have voted to find [the movant] guilty beyond

6  a reasonable doubt."  *Id.* (quoting *Schlup,* 513 U.S. at 329).

7        Movant fails to offer argument establishing the prerequisite elements of "actual innocence."  In

8  fact, Movant's argument is limited to the following language: "as the result of such claim being raised

9  under [the] 'actual-innocence exception' [Government's] argument holds no merit."  (Doc. 117 at 4.)

10  Movant's concise assertion does not equate to a legal argument; rather, it is a conclusion.  In addition

11  to the legal argument deficiency, Movant misunderstands the "actual innocence" principles and

12  mistakenly interprets and limits the rule to mean "mere legal insufficiency" as opposed to factual

13  innocence, which requires a showing of new, reliable evidence.  *See Benboe*, 157 F.3d at 1184.

14        Movant's procedural default of actual innocence rests entirely on statutory interpretation,

15  which alone is insufficient to prove "actual innocence."  *See Contreras v. United States*, No. CR-19-

16  55-MWF, 2023 WL 8881879, at *9 (C.D. Cal. 2023) (finding "a purely legal argument based on the

17  statutory definition of a drug trafficking crime" insufficient to prove actual innocence.)  "Without any

18  new evidence of innocence, even the existence of a concededly meritorious constitutional violation is

19  not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the

20  merits of a barred claim."  *Schlup*, 513 U.S. at 316.  In the context of procedural default, Movant is

21  required to present "evidence of innocence so strong that a court cannot have confidence in the

22  outcome of the trial unless the court is also satisfied that the trial was free of nonharmless

23  constitutional error."  *Id.*  Only after a presentation of new evidence of innocence of this caliber, can

24  Movant pass through the procedural gateway and argue the merits of his underlying claim.  See also

25  *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (noting that "a purely legal claim ... has nothing

26  to do with factual innocence").  The Court finds Movant failed to satisfy the threshold requirement of

27  establishing actual innocence and need not consider the underlying merits or cited authorities.

28        Notwithstanding the finding, the Court notes that even if Movant had satisfied the threshold

requirement of presenting new evidence of innocence that allowed Movant to pass through the procedural default gateway and argue the merits of his actual innocence claim, Movant would not be successful because Movant's contention is wrong as a matter of law. Movant's methamphetamine conspiracy conviction under 21 U.S.C. § 846 is a felony punishable under the Controlled Substances Act and is, therefore, a drug trafficking crime as defined under 18 U.S.C. § 924(c)(2). Section 924 states "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The statute also defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. [§§] 801 et seq.)." Section 846 is part of the Controlled Substances Act (21 U.S.C. §§ 801 et seq.) and states, "any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense." Therefore, the underlying § 846 violation is a "felony punishable under the Controlled Substances Act" and falls within § 924(c)(2)'s definition of a "drug trafficking crime." 21 U.S.C. § 924(c)(2). Movant's argument is meritless.

Based on the above reasons, the Court finds Movant procedurally defaulted his claim of actual innocence by failing to raise the issue on direct appeal and failing to demonstrate. Accordingly, the Court **DECLINES** review of Movant's actual innocence claim during his § 2255 proceeding.

## II.   Movant's Ineffective Assistance of Counsel Claim

Movant's ineffective assistance of counsel claim is premised on three broad assertions: (1) the legal insufficiency of the indictment, (2) former counsel's behavior during the sentencing phase, and (3) former counsel's behavior during the plea bargain phase. (*See generally* Doc. 101 at 15-21.) Government contends Movant's arguments are meritless and fail to establish ineffective assistance of counsel. (*See generally* Doc. 110.)

### A.   Strickland Legal Standard

The Sixth Amendment "entitles an accused to the effective assistance of counsel at trial." *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000) (citing *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970)). To demonstrate an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and prejudicial to movant. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court may address either prong first, and does not need to address both prongs

if one prong fails. *Id.* at 697. Because both deficient performance and prejudice are required elements, failure to show one prong is fatal to an ineffective assistance of counsel claim. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *see also United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002) ("If either prong is not met, the claim must be dismissed.")

"Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688)). The movant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). However, there is a strong presumption that counsel's performance fell within the wide range of professional assistance. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689)); *Bloom v. Calderon*, 132 F.3d 1267, 1270-71 (9th Cir. 1997); *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *See Strickland*, 466 U.S. at 677–78.

To demonstrate "prejudice," the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S., at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003).

1. Legal Sufficiency of the Indictment

Movant contends the Indictment (Doc. 9) is fatally defective regarding Count One Conspiracy to Distribute Controlled Substance (Methamphetamine), violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A) because it contains an open-ended conspiracy start date, thus lacks factual particularity.

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1)). An indictment is sufficient if it "(1) contains the elements of the offense charged and fairly informs a defendant of the charge against him

which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Lazarenko,* 564 F.3d 1026, 1033 (9th Cir. 2009). Regarding the legal sufficiency of an indictment charging conspiracy, the Ninth Circuit holds "[a]n indictment under 21 U.S.C. § 846 . . . is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy." *United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010) (quoting *United States v. Tavelman,* 650 F.2d 1133, 1137 (9th Cir. 1981)).

In *Forrester*, the defendant argued the indictment was insufficient because it failed to specify a beginning date for the conspiracy. The Ninth Circuit explained, "although an indictment cannot be completely open-ended, . . . an indictment that specifies an end date is sufficient to apprise defendants of the charges and enable them to prepare a defense." *Forrester*, 616 F.3d at 941. Moreover, an "uncertainty regarding a conspiracy's beginning and ending dates does not render an indictment fatally defective so long as overt acts alleged in the indictment adequately limit the time frame of the conspiracy." (*Id.*) An indictment will be held sufficient if it "tracks the words of the statute charging the offense" such that it "contains the elements of the offense charged and fairly informs the [accused] of the charge against which he must defend." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003)

Movant's argument is analogous to *Forrester*. Movant and co-defendant Victoria Rodriguez were charged with Conspiracy to Distribute Controlled Substance (Methamphetamine), violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A). The Indictment contains the following language: "beginning at a time unknown to the Grand Jury, but no later than on or about September 3, 2019, and continuing to on or about September 5, 2019, that date being approximate and inclusive, in the County of Stanislaus, . . . did knowingly and intentionally agree with each other and other individuals known and unknown to the Grand Jury to distribute a controlled substance in violation of [21 U.S.C. §§ 846 and 841(a)(1)]." (Doc. 9 at 1-2.) Movant's indictment tracks the language of the conspiracy statute, identifies a location and co-conspirator, alleges the purpose of the conspiracy, alleges a start day, and alleges an end date to the conspiracy. The Court finds Movant's Indictment legally sufficient.

///

i. *Strickland Prong Analysis*

Movant contends former counsel's failure to move for dismissal of the count one, conspiracy charge constitutes deficient performance and establishes ineffective assistance of counsel. Finding Movant's Indictment legally sufficient, the Court agrees with the Government "there was no basis to dismiss count one." (Doc. 110 at 17.) Therefore, Movant fails to establish any ineffective assistance by former counsel. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (finding the movant could not have been prejudiced by "counsel's failure to move for dismissal of any of the counts of the indictment because, . . . they were not defective as a matter of law."); *see also Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019) (citing *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985)).

2. Sentencing Phase Challenges

Movant asserts former counsel did not prepare for the sentencing hearing and failed to (1) "object to the Court's failing to consider all the [§] 3553(a) factors;" (2) "make a Formal Objection as to Section 2D1.1 (b)(16) two level enhancement;" (3) "entail within his Sentencing Memorandum, a request for a 'downward variance;'" and (4) "entail within his Sentencing Memorandum and during his Sentencing Hearing a professional argument for Movant's harsh pre-trial detention." (Doc. 101 at 10.) Movant argues former counsel's behaviors "effectively denied Defendant his Sixth Amendment right to counsel" and "had Defense Counsel properly prepared to defend Defendant [he] would have had a better opportunity of receiving a lower sentence. (*Id.* at 15.) For example, Movant contends arguing "[Movant's] harsh pre-trial detention with applicable case law" would "require a non-guideline sentence of the 15-year mandatory minimum sentence." (*Id.* at 16.)

The Court need not prolong assessment of Movant's purported allegation because the motion record and evidence directly refute Movant's contention. Regarding downward variance and challenges to the PSR (Doc. 79), Movant's counsel argued for a below-guidelines sentence, based on Movant's contraction of COVID-19 while in custody. (*See* Doc. 75 at 1) ("The following facts are presented in support on the premise that downward variance is warranted.").) The PSR recommended a low-end guideline sentence of 262 months on count one, followed by the mandatory minimum

13

1   guideline sentence of 60 months on count three, for a total recommend term of 322 months in prison.
2   (*See* Doc. 79 at 26) ("Francisco Javier Ochoa, is hereby committed to the custody of the Bureau of
3   Prisons to be imprisoned for a term of 262 months on Count 1, and 60 months on Count 3, to run
4   consecutively to Count 1, for a total of 322 months.").) "The Court credited counsel's argument and
5   sentenced Movant to a below Guidelines sentence of 252 months on count one and to the mandatory
6   minimum sentence on count 3." (Doc. 110 at 11.)

7   Regarding the belated formal objections to the PSR, Movant's counsel objected and argued
8   Movant "should not receive the enhancement under USSG § 2D1.1(b)(16) because he was already
9   receiving an aggravating role enhancement under § 3B1.1.1." (Doc. 110 at 11.) The Court noted
10  counsel "had not filed a formal objection after the probation office denied his informal objection, but
11  nonetheless permitted [counsel] to raise and argue the objection to § 2D1.1(b)(16) at the sentencing
12  hearing." (*Id.*)  At the sentencing hearing, the Court stated, "The now made formal objection will be
13  overruled.  On its face, Sentencing Guideline Section 2D1.1(b) -- and we should correct -- it should be
14  clear on the record we're talking about 2D1.1(b)(16)." (*See* Doc. 94 at 7.)  The Court specifically
15  considered and addressed the § 2D1.1(b)(16) enhancement and the objection, and ruled "for all of
16  those reasons, I'm overruling the belatedly made formal objection. I'm adopting the findings of the
17  presentence report." (*Id.*)

18  i. ***Strickland Prong Analysis***

19  Movant asserts the above incidents establish ineffectiveness that constitute deficient
20  performance and suffered actual prejudice because "there's a reasonable probability that absent" the
21  "deficient performance" Movant's "312-month federal sentence would have been shorter." (Doc. 101
22  at 17.) For reasons stated above and reasons thoroughly discussed in Government's Opposition (See
23  generally Doc. 110 at 9-12), the Court finds Movant fails to show "any ineffectiveness or prejudice as
24  to potential sentencing arguments concerning his pretrial detention circumstances and the 18 U.S.C. §
25  3553(a) factors, as [Movant's counsel] successfully argued" the issues at trial. (*Id.*) Further, contrary
26  to Movant's belief, "failing to present a professional presentation" and failing to "entail with the
27  Sentencing Memorandum" criteria Movant deems important does not render counsel's performance
28  deficient. "[D]eciding what to emphasize and how much to say to the sentencing court is the classic

14

strategic decision by counsel . . ." and the Supreme Court "found no constitutional ineffectiveness with respect to the decision by counsel to emphasize certain arguments over others at sentencing." (*See* Doc. 110 at 20) (citing *Strickland*, 466 U.S. at 698-99.).)  Movant has not demonstrated, on the factual record available to the Court, that he was prejudiced.  The Court finds Movant's argument meritless.

### 3. Plea Bargain Phase Challenges

Movant asserts former counsel did not discuss "the elements of any of the crimes charged against [him]" and did not "discuss the ramifications" of "each charge . . . [as to which] Defendant pled guilty." (Doc. 101 at 18.)  Movant contends that counsel's failures require the Court to find Movant's guilty plea was entered "unknowingly and unintelligently" (*id.* at 20-21) because "had [Movant] been adequately and fully advised" of the essential evidence and the "disparity between pleading guilty versus going to Jury Trial," Movant "would not have plead guilty" and "insisted on going" to trial.  (*Id.* at 17.)

Despite these assertions, Movant's plea agreement set forth the elements of the offenses, (Doc. 53 at 8-9) and discussed the maximum possible penalties if he were convicted. *Id*. at 10-11. In addition, the record demonstrates that Movant knowingly and voluntarily pleaded guilty.  (*See* Doc. 87 at 12-17.)  By signing the Plea Agreement (Doc. 53), Movant agreed to all the terms therein including the "factual admissions set forth in the factual basis" (*Id.* at 6, vii) of section "4. Nature, Elements, Possible Defenses, and Factual Basis" (*id.* at 8), and stipulated to the following facts:

1. Beginning "no later than September 3, 2019, and continuing to no later than September 5, 2019, . . . defendant knowingly and intentionally conspired with other individuals to distribute controlled substances, including methamphetamine."
2. "On or about September 3, 2019, [] defendant received a shipment of methamphetamine" and asked Victoria Rodriguez, his girlfriend, "to assist him in weighing and packaging the methamphetamine."
3. Upon searching defendant's vehicle, officers seized "approximately 54 kilograms of actual methamphetamine that [defendant] and Rodriguez . . . previously packaged . . ."

      4. Officers also seized a white cooler containing "five loaded firearms, a bullet proof vest, several high capacity magazines, a substance used to dilute the drugs, and a digital scale. Defendant "possessed" these items "for use in distributing and protecting the methamphetamine."

(*Id.* at 9.) By stipulating the above facts, Movant confirmed the intention "to plead guilty . . . because he is in fact guilty of the crimes set forth in Counts One and Three of the Indictment." (*Id.* at 9, (c).)

At his change-of-plea hearing, Movant told the Court twice that he understood "each and every one of the terms of [his] plea agreement." (Doc. 110-1 at 11, 16-17) He affirmed to the Court that he understood the elements of the offenses and what the government would have to prove to convict him. *Id.* at 14 He acknowledged the maximum possible punishments that could be imposed, including that Court 3 required a sentence of at least five years that would have to be served concurrently to Count 1. *Id.* at 14-15. Finally, he acknowledged the trial and constitutional rights he would have if he chose to proceed to trial. *Id.* at 16-17. Thus, Movant's arguments are flatly contradicted to his sworn statements at the time of the change-of-plea hearing. *Id.* at 8.

      i. ***Strickland Prong Analysis***

When a defendant alleges ineffective assistance of counsel in the context of a guilty plea, the criteria considered by a federal court include whether counsel attempted to learn all facts of the case and estimate a likely sentence and communicate the results of that analysis to the defendant before allowing entry of a guilty plea. *See Caputo*, 2023 WL 5207318, at *11 (citing *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003) (counsel deficiently advised on plea agreement by failing to review the relevant law regarding application of good time credits) (external quotation omitted).

Counsel is duty-bound to independently investigate the facts, circumstances, pleadings, and law to be able to offer the client an informed opinion as to what pleas should be entered. *Id.* (citing *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948) (external quotations omitted).) Counsel must advise the defendant on the relative strength of the prosecution and defense cases, the possibility of avoiding conviction on some or all charges by going to trial, and whether pleading guilty would then present advantages over going to trial. *Libretti v. United States*, 516 U.S. 29, 50-51 (1995) (external quotations omitted.).

1    As noted above, the Court finds that there is no basis for Movant's unsupported allegation that
2    former counsel failed to discuss the evidence and essential elements of the offenses with him or "to
3    explain the disparity" between pleading guilty and going to trial. (*See* Doc. 110 at 18) ("Movant's
4    "bare, unsupported allegations in his § 2255 declaration cannot undermine his contemporaneous
5    statements to [counsel who] had multiple discussions with Movant concerning [his] relationship with
6    co-defendant Rodriguez and her role in the conspiracy. Martinez Decl. ¶¶ 6, 9. [Movant] made clear
7    that Rodriguez had acted out of affection for him and did not receive any compensation for her
8    involvement.").) At the change-of-plea hearing, Movant's attorney told that Court that he was present
9    when the plea agreement was read to Movant in his native language and that the attorney "answered
10   answered all of Mr. Ochoa's questions, any questions he had about any part of his plea agreement."
11   (Doc. 110-1 at 7)

12   Movant's collateral-attack waiver precludes this challenge. "As a general rule, a defendant
13   may waive his right to appeal and/or collaterally attack his plea or sentence." *United States v.*
14   *Rodriguez*, 49 F.4th 1205, 1211–12 (9th Cir. 2022). "Such a waiver is enforced '*if* (1) the language of
15   the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is
16   knowingly and voluntarily made.'" *Id.* at 1212 (quoting *Davies v. Benov*, 856 F.3d 1243, 1246 (9th
17   Cir. 2017)) (internal quotation marks omitted). "It is well settled that a voluntary and intelligent plea
18   of guilty made by an accused person, who has been advised by competent counsel, may not be
19   collaterally attacked." *Bousley*, 523 U.S. at 621 (quoting *Mabry v. Johnson*, 467 U.S. 504, 508
20   (1984*)); see also Lemke v. Ryan*, 719 F.3d 1093, 1097 (9th Cir. 2013). Movant expressly waived the
21   right to bring a collateral attack on his plea, conviction, and sentence, "including a motion under 28
22   U.S.C. § 2255 . . . challenging any aspect of [his] guilty plea." (See generally Doc. 53)

23   Movant's signed Plea Agreement (Doc. 53) contained the following waiver language and terms
24   (*see also id.* at 12, "6. Waiver of Rights.": "The defendant understands that the law gives the
25   defendant a right to appeal his guilty plea, conviction, and sentence." (*Id.* at 4, (g).) However, "as part
26   of [defendant's plea] of guilty," the defendant "agrees to give up the right to appeal the guilty plea,
27   conviction, and the sentence imposed in this case." (*Id.*) "[D]efendant understands . . . this waiver
28   includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's

17

conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. (*Id.*) "In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack . . . challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (*Id.* at (h).)

For all these reasons, the Court finds Movant fails to establish ineffective assistance of counsel in the context of his guilty plea.

### Certificate of Appealability

The Court declines to issue a certificate of appealability in connection with Movant Ochoa-Anaya's 28 U.S.C. § 2255 motion. A court may issue a certificate of appealability where the moving party has "made a substantial showing of the denial of a constitutional right." Rule 11, 28 U.S.C.A. § 2253(c)(2); *United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir. 2003). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Zuno-Arce*, 339 F.3d at 888-89 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Any doubts about whether a petitioner has met this standard must be resolved in his favor. *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002) (citing *Slack*, 529 U.S. at 483-84). For reasons stated above, the Court finds Movant Ochoa-Anaya has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court **ORDERS**:

1. Movant Francisco Javier Ochoa-Anaya's motion (Docs. 101, 116, 117) is **DENIED WITH PREJUDICE**.
2. The Court **DECLINES** to issue a Certificate of Appealability.

IT IS SO ORDERED.

Dated: __August 27, 2024__                         _____
                                                                                 UNITED STATES DISTRICT JUDGE